UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: HEATHER ELIZABETH GOPPERTON, {  CHAPTER 13
                                     {
                                     {
        DEBTOR                       {  CASE NO. R23-41293-BEM
                                     {
                                     {  JUDGE ELLIS-MONRO


**OBJECTION TO CONFIRMATION**


COMES NOW K. EDWARD SAFIR, CHAPTER 13 TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

1.  The Debtor has failed to provide the Trustee with a copy of the 2022 federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i). Therefore, the Trustee requires that the Debtor provide the Trustee with a sworn statement by the Debtor, in addition to the tax return, which states that the tax return provided is a true copy of the most recent tax return filed.

2.  Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the current financial situation, thereby preventing the Trustee from evaluating feasibility, 11 U.S.C. Section 1325(a)(6). Specifically, Debtor testified at the 341 meeting that she received a raise and her new gross income is $6,250.00 per month.

3.  The Debtor is self-employed; however, the Chapter 13 budget and schedules do not include an itemization for business expenses; thereby preventing the Trustee from evaluating feasibility, in violation of 11 U.S.C. Section 1325(a)(6).

4.  The Chapter 13 budget fails to provide for the monthly expense of post-petition income tax liability on self-employment income of $2,600.00 per month, and tax escrow slips have not been submitted; thereby, indicating that the proposed budget and Plan are infeasible, 11 U.S.C. Section 1325(a)(6).


K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
deborahr@atlch13tt.com

5.   The Trustee requests additional information regarding the Debtors' transfer of real property within the last two (2) years.  This would include but is not limited to, the fair market value, sales price and debt load on the property at the time of transfer as well as the disposition of any net proceeds received by the Debtor.  11 U.S.C. §§ 1325(a)(3) and 1325(a)(7).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of this Debtor's Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

_____/s/_____
Deborah A. Reece, Attorney
for Chapter 13 Trustee
GA Bar No. 283016

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
deborahr@atlch13tt.com

R23-41293-BEM

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this day I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

HEATHER ELIZABETH GOPPERTON
6141 HWY 95
ROCK SPRING, GA 30739

This 26th day of October, 2023

_____/s/_____
Deborah A. Reece, Attorney
for Chapter 13 Trustee
State Bar No. 283016

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
deborahr@atlch13tt.com